IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN KATHERINE GEARHART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] Acting | : | |
| Commissioner of Social Security | : | NO. 21-1968 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                November 2, 2021

      Justin Katherine Gearhart seeks review of the Commissioner's decision denying her application for Social Security benefits. Prior to filing an answer to the Complaint, Defendant filed an uncontested motion for remand, asking the court to remand the case pursuant to the sixth sentence of section 405(g) because Defendant has been unable to produce a complete administrative record, specifically because the recording of the hearing held on March 24, 2020, has been corrupted. Doc. 5 at 1. For the following reasons, I will grant the Defendant's uncontested motion and remand this matter pursuant to the sixth sentence of section 405(g).

      The sixth sentence of section 405(g) provides in pertinent part:

> The court may, on motion of the Commissioner of Social
> Security made for good cause shown before the
> Commissioner files the Commissioner's answer, remand the
> case to the Commissioner of Social Security for further action
> by the Commissioner of Social Security . . . .

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Kijakazi should be substituted for the former Commissioner of Social Security, Andrew Saul, as the defendant in this action. No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

42 U.S.C. § 405(g).  In reporting on the Social Security Disability amendments of 1980, the Joint Conference Committee of Congress issued an explanatory statement noting that in some cases, procedural difficulties provided good cause for a remand.

> Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot be otherwise transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record. . . .

Shank v. Barnhart, Civ. No. 02-306, 2002 WL 1839163, at *2 (E.D. Pa. Aug. 9, 2002) (quoting H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980)).  In Shank, the late Honorable Clifford Scott Green remanded a case pursuant to sentence six wherein the claimant's case file was lost and the Commissioner sought remand to locate or reconstruct the case file.  Id..  Likewise, in Scandone v. Barnhart, the Honorable Michael Baylson granted the Commissioner's motion to remand a case pursuant to sentence six when the Commissioner was unable to locate the hearing tape.  Civ. No. 05-4833, 2006 WL 2034727, at *2 (E.D. Pa. July 18, 2006).[2]

Here, Defendant represents that the recording of the hearing has been corrupted, precisely the type of procedural defect that sentence six seeks to remedy.  Defendant

---

[2]In Scandone, the ALJ had found Plaintiff disabled after a certain date and granted her benefits from that point forward.  Judge Baylson specifically found it "unfair" to allow the Commissioner to revisit that disability finding based on the Administration's loss of the hearing tape.  2006 WL 2034727, at *2.  Thus, the determination that Plaintiff was disabled after a certain date was not subject to further adjudication.  Id.

seeks remand to conduct a new hearing and complete the administrative record and Plaintiff has no objection.  Therefore, I will grant Defendant's uncontested motion.[3]

    An appropriate Order follows.

---

[3]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN KATHERINE GEARHART | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Acting | : | |
| Commissioner of Social Security | : | NO. 21-1968 |

**O R D E R**

AND NOW, this  2nd  day of November, 2021, upon consideration of Defendant's Uncontested Motion to Remand (Doc. 5), IT IS HEREBY ORDERED that Defendant's Motion is GRANTED, and the case is remanded to the Commissioner pursuant to the sixth sentence of section 405(g). The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

/s/ Elizabeth T. Hey
ELIZABETH T. HEY, U.S.M.J.